This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BAC HOME LOANS SERVICING, LP,**
**f/k/a COUNTRYWIDE HOME LOAN**
**SERVICING LP,**

Plaintiff-Appellant,

v.                                                          **NO. A-1-CA-35495**

**MARGO E. CRUZ and MONICA C. CRUZ,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Little, Bradley & Nesbitt, P.A.
Lucinda R. Silva
Albuquerque, NM

for Appellant

Eric Ortiz & Associates
Eric N. Ortiz
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1} This interlocutory appeal arises from the district court's order dismissing for lack of standing a foreclosure complaint filed years before our Supreme Court held in *Bank of New York v. Romero*, 2014-NMSC-007, ¶¶ 19-38, 320 P.3d 1, that the bank did not establish standing to foreclose when it could not prove that it had the right to enforce the promissory note on the mortgage (note) at the time it filed suit. *Romero* was the law when Defendants in the instant case moved to dismiss the foreclosure complaint for lack of standing, and was the explicit basis for the motion's contention that standing to foreclose is a jurisdictional prerequisite that "must be established *at the time the complaint is filed*." In response to the motion, Plaintiff BAC Home Loans Servicing, LP (BAC) submitted documents it contended established that it had standing at the time it filed suit. The district court treated *Romero* as controlling and cited the decision in ruling that the complaint should be dismissed without prejudice.

{2} Following the district court's oral ruling on the motion (although before entry of the written order), our Supreme Court issued a decision clarifying that "standing is not a jurisdictional prerequisite in mortgage foreclosure cases in New Mexico," *Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶ 9, 369 P.3d 1046, and that, while the plaintiff must prove that it held the note at the time it filed suit (i.e., standing), the proof is not required at the pleading stage but rather at the time standing is challenged by the defendant or raised by the court. *Id.* ¶¶ 26-27. Rulings in civil cases generally apply retroactively, unless the court limits the holding to prospective

application, by express language or consideration of certain factors. *Whelan v. State Farm Mut. Auto. Ins. Co.*, 2014-NMSC-021, ¶ 22, 329 P.3d 646; *Marckstadt v. Lockheed Martin Corp.*, 2010-NMSC-001, ¶ 31, 147 N.M. 678, 228 P.3d 462. Nothing in *Johnston* indicates that any part of that decision is limited to prospective application.

{3}     Because *Johnston* allows a foreclosure plaintiff to establish that it had the right to foreclose when it filed suit *after* the issue is raised by the defendant, as BAC attempted to do in this case, and the district court dismissed the complaint without considering and ruling on the adequacy of BAC's proffered proof, we reverse and remand to the district court for further proceedings in accordance with *Johnston*.

{4}     **IT IS SO ORDERED.**


_____
                                        **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**



_____
**STEPHEN G. FRENCH, Judge**



_____
**JENNIFER L. ATTREP, Judge**